# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GATEWAY-EAST CONDOMINIUM TRUST<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )   C.A. No.: _____ |
| BROAN-NUTONE, LLC,<br>    Defendant. | )<br>)<br>)<br>) |

## PLAINTIFF, GATEWAY-EAST CONDOMINIUM TRUST'S COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Gateway-East Condominium Trust, by and through its undersigned counsel, and hereby complain against the Defendant as follows:

### PARTIES

1. Plaintiff, Gateway-East Condominium Trust is a board of trustees duly authorized to act on behalf of the Gateway East Condo Trust and has a principal place of business at 10 Franklin Avenue, Revere, Massachusetts.

2. Defendant, Broan NuTone, LLC, ("Broan-NuTone") is a limited liability company organized and existing under the laws of Delaware, registered in the state of Wisconsin, with a principal place of business located at 926 West State Street, Hartford, Wisconsin, 53027.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Massachusetts

### FACTS

5. At all relevant times and at all times hereinafter mentioned, defendant, Broan-NuTone, including, its subsidiaries and any predecessor corporations, was engaged in the design, manufacture, sale, packaging and distribution of electrical appliances, including, but not limited to, vent exhaust fans.

6. At all relevant times and at all times hereinafter mentioned, defendant, Broan-NuTone, assumed the liabilities of predecessor corporations and/or entities that were engaged in the design, manufacture, sale, packaging and distribution of electrical appliances, including, but not limited to, vent exhaust fan units.

7. At all relevant times and at all times hereinafter mentioned, defendant, Broan-NuTone, represented and warranted that its vent exhaust fans were safe, fit for their intended uses, and free of any defects.

8. In or before September 2018, defendant, Broan-NuTone, designed, manufactured, labeled, sold, packaged and distributed a Broan NuTone vent exhaust fan, (the "Nutone vent exhaust fan") that was installed in the Gateway East Condominium Building, located at 10 Franklin Avenue, Revere, Massachusetts (the "Condo").

9. In or before September 16, 2018, the NuTone vent exhaust fan in the Condo was used and maintained in a safe and proper manner, without any alteration or modification, and in accordance with the manufacturer/distributor's instructions.

10. On or about September 16, 2018, a massive 5-alarm fire broke out at the Condo. *See* https://www.boston25news.com/news/firefighters-in-revere-battling-5-alarm-house-fire/835474362/; https://www.nbcboston.com/news/local/five-alarm-fire-rages-in-revere/135495/.

11. The fire caused significant and severe damage to the Condo. *See Exhibit 1: Photographs*.

12. The building was completely uninhabitable, forcing more than 120 residents to become homeless. *See* https://www.wcvb.com/article/before-demolition-residents-recover-belongings-from-fire-damaged-building/23323663#.

13. On or about September 16, 2018, the NuTone vent exhaust fan which was designed, manufactured, labeled, sold, packaged and distributed by Broan-NuTone, was the direct and proximate cause of a fire that damaged and/or destroyed the Condo and property at 10 Franklin Avenue, Revere, Massachusetts.

14. The aforesaid fire caused damage and/or destruction to real and personal property, as well as loss of use thereof, all to the financial damage, loss and detriment of the Plaintiff.

## COUNT I

### Negligence

15. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in the all proceeding paragraphs, as if expressly rewritten and set forth herein.

16. The aforesaid fire and the resulting damages to the plaintiff were directly and proximately caused by the negligence and breaches of duties owed by the defendant, Broan-NuTone, including, but not limited to, the following:

a. failing to properly design the Broan-NuTone vent exhaust fan and its component parts;

b. failing to properly manufacture the Broan-NuTone vent exhaust fan;

c. failing to adequately test the Broan-NuTone vent exhaust fan to assess, determine, eliminate and/or reduce the risk or likelihood of fires;

d. placing in the channels of trade a product that Broan-NuTone knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

e. marketing an inherently unsafe and/or dangerous product;

f. misrepresenting that the vent-light exhaust fan was safe when Broan-NuTone knew or should have known that the product was dangerous and unsafe;

g. failing to warn consumers that the Broan-NuTone vent exhaust fan could cause or contribute to fire and/or fire damage;

h. failing to make appropriate recommendations concerning the use, maintenance and storage of the exhaust fan;

i. failing to properly withdraw or recall the Broan-NuTone vent exhaust fan and/or its component parts from the marketplace;

j. failing to comply with applicable federal, state and/or regulations concerning the design, manufacture, labeling, sale and packaging of the exhaust fan; and,

k. otherwise failing to exercise reasonable care under the circumstances that then and there existed.

WHEREFORE, the plaintiff respectfully demands that judgment enter on behalf of it and against the defendant, Broan-NuTone, in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, plaintiff demands judgment against the defendant, Broan-NuTone, in an amount that will adequately compensate it for its damages and losses, together with interest and costs.

## Count II

### Breach of Warranty

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in the all proceeding paragraphs, as if expressly rewritten and set forth herein

18. The defendant Broan-NuTone, designed, manufactured, fabricated, constructed and sold a product, namely the vent exhaust fan.

19. Broan-NuTone impliedly warranted the subject fan, and the Plaintiff was provided with and/or the beneficiary of those warranties.

20. The defendant, Broan-NuTone, expressly and impliedly warranted that its product was safe, merchantable and fit for its intended uses. Broan-NuTone was a merchant with respect to goods of the kind involved in the incident. Broan NuTone knew or had reason to know of the particular purpose for which the goods were required, and that the plaintiff was relying on Broan-NuTone's skill and judgment to select and/or furnish suitable goods. Broan-NuTone also knew or had reason to know that the plaintiff, and those utilizing the product, relied on the warranties made by Broan NuTone. Broan-NuTone breached its warranties because the product was unsafe, not of merchantable quality and unfit for its intended use and purposes. The plaintiff suffered damage and/or harm as a direct and proximate result of the breaches of said warranties by Broan-NuTone. Due notice has been given Broan-NuTone of its breaches of warranty.

WHEREFORE, the plaintiff demands judgment against the defendant, Broan-NuTone in an amount that will adequately compensate Plaintiff for its losses, together with interest and costs.

## Count III

### Violations of Mass. Gen. Laws Ch. 93A and Mass. reg. Code Tit. 940, § 3.08(2)

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in the all proceeding paragraphs, as if expressly rewritten and set forth herein.

22. Broan-NuTone breached its warranties because the exhaust fan vent that it sold and distributed to plaintiff and/or a resident or unit owner of the Condo was unsafe, not of merchantable quality and unfit for its intended uses and purposes.

23. Because Broan-NuTone breached its warranties, it committed unfair or deceptive acts and practices in violation of Massachusetts General Laws Chapter 93A and Mass. Reg. Code tit. 940, § 3.08 (2) were willful and knowing.

24. As a direct and proximate result of Broan-NuTone's unfair and deceptive acts and practices, the plaintiff experienced damages and losses.

WHEREFORE, the plaintiff demands that judgment enter against Broan-NuTone in the maximum amount allowed by law, plus interest, costs and attorneys' fees and all other amounts which are recoverable by law. Furthermore, the plaintiff demands judgment against Broan NuTone in an amount that will adequately compensate it for damages and loses together with interests and costs.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

1. Enter a judgment against the Defendant declaring that the Defendant is legally and financially responsible for the damages that the Plaintiff sustained or incurred;

2. Award Plaintiff compensatory damages against the Defendant in an amount equal to the damage it has incurred and suffered;

3. Award Plaintiffs the costs of suit, including attorneys' and expert witnesses' fees;

4. Award Plaintiff interest, including, but not limited to, pre-judgment interest; and,

5. Fashion such other and further relief as the Court deems just and proper.

## JURY CLAIM

Plaintiff demands trial by jury on all issues so triable.

> Respectfully submitted,
> Plaintiff,
> Gateway-East Condominium Trust
> By its attorney,
>
> */s/ John A. Donovan III*_____
> John A. Donovan III, BBO No. 631110
> Judah H. Rome, BBO No. 695997
> SLOANE AND WALSH, LLP.
> One Boston Place
> 201 Washington Street, Suite 1600
> Boston, MA 02108
> 617-523-6010
> jdonovan@sloanewalsh.com
> jrome@sloanewalsh.com

Dated: September 13, 2021

2044523.v1